UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

                                        Case Number 03-20017
v.                                         Honorable David M. Lawson

CHARLES JOHNSON,

               Defendant.

_____/

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Presently before the Court is the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). On January 8, 2004, defendant Charles Johnson pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. On January 13, 2005, the Court sentenced the defendant to 262 months in prison to be followed by ten years of supervised release. Pursuant to the terms of the defendant's plea agreement, the defendant was held responsible for 150 to 500 grams of cocaine base. At the sentence hearing, the Court observed that the defendant's net offense level was 36 and his criminal history category was IV. This yielded a sentencing guideline range of 262 to 327 months with a statutory mandatory minimum sentence of 240. *See* USSG § 5G1.1(b).

The defendant appealed the sentence, and the Sixth Circuit affirmed on July 13, 2006. On February 21, 2007, the defendant filed a motion to vacate his sentence, which this Court denied on July 12, 2007.

On January 9, 2009, the parties filed a stipulation to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2). The parties stated that the defendant was entitled to have his sentence

reduced because the United States Sentencing Commission had issued Amendment 706 to the Sentencing Guidelines allowing a two-level reduction of the base offense level for those sentenced for crack cocaine offenses before November 1, 2011. The Court granted the motion on January 22, 2009 and reduced the defendant's sentence to 240 months, the mandatory minimum sentence prescribed by Congress.

On February 14, 2012, the defendant filed a motion seeking to reduce his sentence because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. The Court denied that motion on March 8, 2012 because the defendant's sentence already had been reduced to the statutory mandatory minimum. In his present motion, the defendant again argues that he is entitled to have his sentence reduced further on the basis of the sentencing guidelines issued by the United States Sentencing Commission pursuant to the Fair Sentencing Act.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

(Emphasis added). The defendant alleges that because the Sentencing Commission has reduced the crack cocaine guidelines and made them retroactive, and his crime involved the distribution of crack cocaine, he is entitled to a sentence reduction.

The Sixth Circuit has held that a defendant subjected to a statutory mandatory minimum sentence is not eligible for a reduction under section 3582(c)(2) because the guideline amendment does not lower the defendant's applicable guideline range.  *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009).  Subsequently, that court held that the Sentencing Commission's amendment to a sentencing guideline range that does not affect a statutory mandatory minimum sentence will not provide the basis for a subsequent reduction of a sentence under section 3582(c)(2).  *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011).

The Court believes that the defendant's motion is governed by the precedent set forth in *Johnson* and *McPhearson*.  The Court has already reduced the defendant's sentence  to the mandatory minimum of 240 months.  Because the defendant's sentence is based on the statutory mandatory minimum and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c) [dkt. #289] is **DENIED**.

s/Davd M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  November 1, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2012

s/Deborah R. Tofil
DEBORAH R. TOFIL

---